**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0718-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERNEST TETTEH-OBUOBI,

    Defendant-Appellant.

_____

        Argued December 18, 2025 – Decided January 14, 2026

        Before Judges Marczyk and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 23-04-1128.

        Troy A. Archie argued the cause for appellant (Afonso Archie Law PC, attorneys; Edward Crisonino and Troy A. Archie, of counsel and on the briefs).

        Marie V. Cepeda Mekosh, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Marie V. Cepeda Mekosh, of counsel and on the brief).

PER CURIAM

Defendant Ernest Tetteh-Obuobi appeals from the trial court's order denying his motion to dismiss the indictment, rejecting his argument the former version of New Jersey's concealed carry statute is unconstitutional. We affirm.

I.

Defendant is a lawful permanent resident alien of the United States. He previously obtained a firearms purchaser identification card in 2010. Defendant asserts he owned several businesses that generate "substantial amounts of cash," and he "wanted to be able to carry a handgun for self-protection." He claims he communicated with an unidentified police officer at a State Police barracks who advised him he would not be able to obtain a permit based on the occurrence of recent robberies near one of his businesses. The officer further purportedly advised defendant that because defendant was "not a citizen[,] it was unlikely he would be granted a permit to carry." In June 2022, defendant was arrested by Stratford Township police after he left his handgun in a bag at a bank. Defendant later advised the police he inadvertently left the gun when he had stopped to make a deposit on his way to a shooting range.

On April 11, 2023, a Camden County Grand Jury indicted defendant, finding that on June 15, 2022, he "knowingly and unlawfully possess[ed] . . . a . . . handgun, . . . without first having obtained a permit to carry a handgun as

provided in [N.J.S.A.] 2C:58-4, contrary to the provisions of N.J.S.A. 2C:39-5[(]b[)]](1) . . . ."[1]

Defendant subsequently moved to dismiss the indictment. Defense counsel conceded at oral argument defendant did not have a "carry permit," but argued "the New Jersey statute requiring a carry permit is unconstitutional" as written. The motion judge rendered an oral decision and accompanying order on October 18, 2023, denying defendant's motion. He noted:

> It is undisputed . . . at the time of the alleged offense, defendant did not have a permit to carry a handgun and never applied for one. Defendant contends . . . it would have been futile to apply for a handgun, because he was informed by a [l]aw [e]nforcement officer that it would never be granted.
>
> Defendant argues . . . N.J.S.A. 2C:39-5(b)(1) is unconstitutional under the Second Amendment and pursuant to the United States Supreme Court's decision in <u>New York State Rifle & Pistol Association v[.] Bruen</u>, 597 U.S. 1 (2022).[2]
>
> . . . .

---

[1] N.J.S.A. 2C:39-5(b)(1) provides "[a]ny person who knowingly has in [their] possession any handgun, . . . without first having obtained a permit to carry the same as provided in N.J.S.[A. ]2C:58-4, is guilty of a crime of the second degree."

[2] <u>Bruen</u> was issued shortly after defendant's June 15, 2022 offense. In <u>Bruen</u>, the Supreme Court held "the Second and Fourteen Amendments protect an individual's right to carry a handgun for self-defense outside the home." 597 U.S. at 2.

A-0718-24

In State v[.] Wade, 476 N.J. Super. 490, 496 (App. Div. 2023), . . . the Appellate Division held that N.J.S.A. 2C:58-4 and N.J.S.A. 2C:39-5(b)(1) were not facially unconstitutional, because <u>the justifiable need requirement set forth in N.J.S.A. 2C:[5]8[-4(c)] . . . was severable, and the remaining provisions of N.J.S.A. 2C:58-4, as well as N.J.S.A. 2C:39-5(b)(1) were [c]onstitutional and enforceable.</u>

. . . .

[T]herefore, in . . . June of 2022, [d]efendant needed a permit to carry a handgun outside of his home, and, if the State proves that he did not have a permit, he will be guilty of a crime under N.J.S.A. 2C:39-5(b)(1).

Accordingly, [d]efendant's motion to dismiss the indictment is denied, because the statute is not unconstitutional under State v[.] Wade.

[(Emphasis added) (citations reformatted).]

Thereafter, defendant filed a second motion to dismiss, which the court denied in an order dated March 5, 2024.

Defendant entered a guilty plea in July 2024 to an amended count of unlawful transport of a firearm in violation of N.J.S.A. 2C:39-9(d),[3] a fourth-degree offense. However, he reserved the right to challenge the constitutionality

---

[3] N.J.S.A. 2C:39-9(d) provides, in part, "[a]ny person who manufactures, causes to be manufactured, transports, ships, sells or disposes of any weapon, . . . is guilty of a crime of the fourth degree."

of N.J.S.A. 2C:58-4 prior to its being amended after the <u>Bruen</u> decision. Defendant was subsequently sentenced to a five-year period of non-custodial probation.

## II.

Defendant raises the following point on appeal:

> N.J.S.A. 2C:58-4 IS AN UNCONSTITUTIONAL RESTRICTION OF THE SECOND AMENDMENT'S RIGHT TO BEAR ARMS.

"It is well established that a grand jury indictment is presumptively valid." <u>Wade</u>, 476 N.J. Super. at 500. "[A] court should dismiss [an] indictment 'only on the clearest and plainest ground, and only when the indictment is manifestly deficient or palpably defective.'" <u>State v. Bell</u>, 241 N.J. 552, 560 (2020) (quoting <u>State v. Twiggs</u>, 233 N.J. 513, 531-32 (2018)).

However, when an issue on appeal involves "[a] question[] of law and involve[s] interpreting the Constitution and New Jersey's gun-carry permitting statutes," we review the matter de novo. <u>Wade</u>, 476 N.J. Super. at 500; <u>see also</u> <u>Twiggs</u>, 233 N.J. at 532 ("When the decision to dismiss [counts of an indictment] relies on a purely legal question, . . . we review that determination de novo.").

Defendant argues N.J.S.A. 2C:58-4 "is an unconstitutional restriction of the Second Amendment's guarantee of the right to bear arms." He argues Bruen, 597 U.S. 1, differentiated between "[m]ay issue" and "shall issue" states, noting the distinction is "in 'shall issue' states, if the applicant meets the statutory requirements, . . . a carry permit shall issue," whereas in "may issue" states, "even [if] the applicant meets the statutory requirements[,] the state has discretion to deny the permit [when] the applicant has not demonstrated cause."

Defendant asserts the New York statute in Bruen was a "may issue" statute that required an applicant show a "proper cause" to carry a handgun outside the home, noting the Court found that requirement unconstitutional because "it prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms" in public for self-defense. 597 U.S. at 71. He maintains the statute at issue in this case, N.J.S.A. 2C:58-4,[4] which requires an applicant to show a "justifiable need to carry a handgun," is an unlawful restriction on the Second Amendment, like the New York statute in Bruen.

---

[4] Defendant cites to the prior version of N.J.S.A. 2C:58-4, which was amended in December 2022. L. 2022, c. 131, sections 2-3. The amended statute eliminated the justifiable need requirement.

We are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth by the trial court and our opinion in Wade. We add the following comments.

Defendant failed to apply for a concealed carry permit and therefore lacked standing to challenge the constitutionality of the statute. In Wade, we observed:

> A defendant may raise a defense that the crime charged in an indictment or accusation "is based on a statute or regulation . . . which is unconstitutional or invalid in whole or in part." To make that challenge, however, the defendant must have standing to raise the constitutional objection. Accordingly, the defendant "must show sufficient injury before his [or her challenge] will be heard." "Th[is] rule limits a criminal defendant to constitutional claims related to his [or her] own conduct [and] rests on the principle that legislative acts are presumptively valid and will not be overturned on the basis of hypothetical cases not actually before the court."
>
> Generally, to establish standing to challenge an allegedly unconstitutional permit statute, the challenger must have applied for a permit or license under the statute.
>
> [Wade, 476 N.J. Super. at 505 (alterations in original) (emphasis added) (citations omitted).]

"Nevertheless, there is a recognized exception to the submission requirement if the challenger can 'make a substantial showing that submitting to

7

the government policy would [have been] futile.'" Id. at 506 (quoting Kendrick v. Bruck, 586 F. Supp. 3d 300, 308 (D.N.J. 2022)). Defendant's reliance on the purported hearsay statements of an unidentified police officer is insufficient to demonstrate it would have been futile to apply for a concealed carry permit. Additionally, defendant fails to explain why he was able to obtain a firearm purchaser identification but would not be eligible to apply for a permit to carry. The State asserted during argument nothing under N.J.S.A. 2C:58-4[5] prevented

---

[5] N.J.S.A. 2C:58-4(b), in pertinent part, provides:

> Each application shall set forth the full name, date of birth, . . . occupation, place of . . . employment, any aliases . . . , and [a] physical description of the applicant . . . . The application shall be signed by the applicant under oath, and shall be endorsed by not less than four reputable persons who are not related by blood or by law to the applicant and have known the applicant for at least three years . . . and who shall certify thereon that the applicant for at least three years preceding the date of application, and who shall certify thereon that the applicant has not engaged in any acts or made any statements that suggest the applicant is likely to engage in conduct, other than lawful self-defense, that would pose a danger to the applicant or others. The reputable persons also shall provide relevant information . . . including the nature and extent of their relationship with the applicant and information concerning their knowledge of the applicant's use of drugs or alcohol.

A-0718-24

defendant from applying for a permit, and the disqualifiers set forth in N.J.S.A. 2C:58-3(c)[6] likewise did not preclude a lawful permanent resident from applying for a carry permit. Defendant provided no controlling authority for the proposition it would have been futile for him to apply for a permit. He cannot circumvent the permit process, or the standing requirement, by relying on unverified hearsay statements from an unidentified individual. In short, because defendant did not apply for a permit to carry a handgun under N.J.S.A. 2C:58-4, he had no standing to contest the constitutionality of the statute.

Furthermore, even if defendant had standing, his constitutional arguments are unavailing. In Wade, the defendant raised the same issue. There, we addressed "whether New Jersey's gun-carry permit statute and the statute criminalizing permit violations were facially unconstitutional [prior to the statutory amendments post-Bruen] . . . under the Second Amendment to the United States Constitution." 476 N.J. Super. at 495.

---

[6] Under N.J.S.A. 2C:58-3(c), an applicant will be denied a permit if they: have been convicted of any crime in New Jersey or similar offense in any other state or federal jurisdiction; are under the age of eighteen; are subject to a temporary or final restraining order issued pursuant to the Prevention of Domestic Violence Act or the Victim's Assistance and Survivor Protection Act; or have an outstanding warrant, among other reasons.

On June 24, 2022, the day after the decision in <u>Bruen</u> was issued, the New Jersey Attorney General issued Law Enforcement Directive No. 2022-07, "which directed that New Jersey would no longer require applicants to show a justifiable need for a gun-carry permit." <u>Id.</u> at 504. In December 2022, the Legislature passed a law revising New Jersey's gun-permitting scheme to formally eliminate the "justifiable need" requirement and to revise other requirements, effectively severing the "may issue" portion of N.J.S.A. 2C:58-4 from the rest of the provision. <u>Id.</u> at 505.

Thereafter, we acknowledged in <u>Wade</u>, "[t]he holding and analysis in <u>Bruen</u> ma[d]e it clear that the justifiable need provision in N.J.S.A. 2C:58-4(c) (2018) is unconstitutional under the Second and Fourteenth Amendments," and therefore, the question then became "whether the justifiable need provision was severable." <u>Id.</u> at 508 (citation reformatted). We ultimately held, "the justifiable need requirement in N.J.S.A. 2C:58-4(c) (2018) was severable and the remaining provisions of N.J.S.A. 2C:58-4 (2018), as well as N.J.S.A. 2C:39-5(b)(1), [a]re constitutional and enforceable." <u>Id.</u> at 511. Thus, the trial court did not err in rejecting defendant's constitutional challenge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0718-24